Ibrahn Ben **MIRANDA**, Petitioner–Appellant,

v.

Ray **CASTRO**, Warden; Attorney General of the State of California, Respondents–Appellees.

No. 01–56124.

United States Court of Appeals, Ninth Circuit.

Submitted June 3, 2002.*

Filed June 12, 2002.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. ˙ R.App. P. 34(a)(2).

Marilee Marshall, Marilee Marshall & Associates, Pasadena, CA, for the petitioner-appellant.

Bill Lockyer, Attorney General of California; Robert R. Anderson, Chief Assistant Attorney General; Pamela C. Hamanaka, Assistant Attorney General; and Deborah J. Chuang and G. Tracey Letteau, Deputy Attorneys General, Los Angeles, CA, for the respondents-appellees.

Before O'SCANNLAIN, RYMER, and THOMAS, Circuit Judges.

## OPINION

O'SCANNLAIN, Circuit Judge.

We are asked to decide whether a habeas petitioner's reliance on the erroneous advice of appointed counsel is sufficient to warrant equitable tolling of the one-year statute of limitations on filing a federal habeas corpus petition.

I

Following a jury trial in Los Angeles Superior Court, petitioner Ibrahn Ben Miranda was convicted on two counts of first degree murder and one count of attempted murder. The jury also found, as to all counts, that Miranda personally used a handgun in the commission of the crimes. He was sentenced to eighty-nine years to life in state prison.

Miranda appealed his conviction to the California Court of Appeal. In an unpublished opinion dated April 23, 1999, that court affirmed the judgment of the trial court. Miranda also filed a petition for review in the California Supreme Court, which that court summarily denied on July 15, 1999.

Miranda next filed the federal petition that gives rise to this appeal in the U.S. District Court for the Central District of California, on December 5, 2000. The Warden argued that the petition was untimely filed, and moved to dismiss it. Magistrate Judge Andrew Wistrich filed a Report and Recommendation in which he recommended that the petition be dismissed as untimely. The district court agreed; it adopted the Report and Recommendation in full. Judgment was entered accordingly, and Miranda timely filed a Notice of Appeal ("NOA").

On the same day he filed his NOA, Miranda also filed a request with the district court for a Certificate of Appealability ("COA") on the issue of whether he was entitled to equitable tolling. *See* 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b)(1) ("In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, ... the applicant *cannot* take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c).") (emphasis added). The district court denied that request. Miranda then asked this court for a COA on the issue of equitable tolling. *See* Fed. R.App. P. 22(b)(1); 9th Cir. R. 22–1(c). A motions panel granted the request, and issued a COA on the issue of "whether the district court erred by dismissing the petition as untimely."

## II

We begin with the relevant timeliness calculations. Effective April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 ("AEDPA"). AEDPA, of course, imposed a one-year statute of limitations for state prisoners filing federal petitions for habeas corpus. *See* 28 U.S.C. § 2244(d)(1). Thus, under AEDPA,

> A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from ... the date on which the judgment became final by the conclusion of direct review or

the expiration of the time for seeking such review.

*Id.* § 2244(d)(1)(A).[1]

The California Supreme Court denied Miranda's petition for review on July 15, 1999. His conviction became final ninety days thereafter—on October 13, 1999—when the time for him to file a petition for certiorari with the United States Supreme Court expired. *See Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir.1999).[2] Accordingly, under AEDPA, Miranda had until October 13, 2000 to file his federal habeas petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1245–46 (9th Cir.2001) (explaining that time limits under AEDPA are calculated in accordance with the provisions of Fed.R.Civ.P. 6(a)). Because he did not file his petition until December 5, 2000, the petition was fifty-three days late. Absent some kind of tolling, then, the petition was, as the district court concluded, untimely filed.[3]

## III

Miranda contends that even though his petition was filed after the 1–year statute of limitations had passed, the district court nonetheless should have applied equitable tolling to find the filing was timely. Miranda bears the burden of showing that this extraordinary exclusion should apply to him. *See United States v. Marolf*, 173 F.3d 1213, 1218 n. 3 (9th Cir.1999).

Miranda's argument centers around a letter he received from his appointed appellate counsel. On July 28, 1999, Miranda's appointed appellate attorney sent

---

**1.** Although § 2244(d)(1) sets forth three alternative possible starting dates for the commencement of the running of the statute of limitations, Miranda does not argue that any of these apply in this case.

**2.** As the Warden correctly points out, Miranda incorrectly calculates the date his con-

viction became final as October 19, 1999. October 13, 1999 is, in fact, the correct date.

**3.** Because he did not seek state post-conviction relief, Miranda does not contend that he is entitled to any statutory tolling. *See* 28 U.S.C. § 2244(d)(2).

him a letter indicating that his petition for review had been denied by the California Supreme Court. The letter read as follows:

Dear Mr. Miranda:

I regret to inform you that the California Supreme Court has denied the petition for review of your case. A copy of the Court's order is enclosed for your information.

At this point my appointment to represent you is concluded. If you wish to pursue the case yourself, you may do so through a federal habeas corpus proceeding with respect to the issues raised in the briefs on appeal. If you decide to file such a petition on your own or with other counsel with respect to those issues, you must do so no later than one year after the conclusion of the state court's direct review of your claims. Because it is not clear when that one-year clock starts running, the safest approach would be to file the petition as soon as possible and in any event within one year after the issuance of the Court of Appeal opinion, which in this case means by April 23, 2001. (Please note that if for some reason you miss that date, the court may still accept the filing; I am just giving you the most conservative deadline.)

I have enclosed the form for a federal habeas corpus petition and instructions. Alternatively, if you wish to raise additional issues not raised on appeal, you would have to begin the process in the state superior court, again as soon as possible.

Significantly, this letter obviously contained either a miscalculation—or, more probably, a typo. The letter recommended that Miranda file any federal habeas petition "within one year after the issuance of the [California] Court of Appeal opinion, which in this case means by April 23, 2001." As noted above, however, the California Court of Appeal issued it on April 23, 1999; accordingly, "one year after the issuance of" the opinion would actually fall on April 23, 2000, rather than 2001. Nonetheless, Miranda filed a declaration before the district court in which he stated that he read this letter and informed his family that he had until April 23, 2001 to file a federal habeas petition. The family "agreed to save money and hire an attorney in plenty of time to do my federal petition." Miranda further averred that he relied upon the appointed attorney's advice—which turned out to be erroneous—and that "but for that reliance my petition would have been filed" in a timely manner. Therefore, Miranda contends, equitable tolling should be applied to render his late-filed petition timely.

### A

 We have recognized that AEDPA's statute of limitations provision is subject to equitable tolling. *See Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir.1997), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir.1998) (en banc). We have made clear, however, that equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and is appropriate only "if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288 (emphasis added). Indeed, "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.), *cert. denied*, 531 U.S. 878, 121 S.Ct. 188, 148 L.Ed.2d 130 (2000).

We recently addressed the question whether an attorney's negligence in calculating the due date for a federal habeas

petition, and concomitant late filing of such petition, meet this high threshold of "extraordinary circumstances" sufficient to warrant equitable tolling. *See Frye v. Hickman,* 273 F.3d 1144 (9th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1913, 152 L.Ed.2d 823 (2002). We answered the question in the negative, "conclud[ing] that the miscalculation of the limitations period by ... counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling." *Id.* at 1146.[4] Unless Miranda can somehow distinguish *Frye,* then, he is not entitled to equitable tolling.

### B

Miranda points out that in *Frye* we were careful to distinguish our earlier decision in *Beeler.* In *Beeler,* which was a capital habeas corpus case, we held that AEDPA's one-year statute of limitations was equitably tolled when the petitioner's attorney moved out of the state—a matter over which the petitioner had no control, and which made it impossible for another attorney to file a petition within the statutory time limits. This merited equitable tolling, the *Frye* court explained, because in capital cases an indigent petitioner has a statutory right to counsel—and thus, the dereliction of the petitioner's appointed habeas counsel made it impossible for him to

file. *Frye,* 273 F.3d at 1146 (citing *Beeler,* 128 F.3d at 1288); *see also Fahy,* 240 F.3d at 244 (explaining that although attorney error generally would not merit equitable tolling in a non-capital case, it is more likely to do so in a capital case, because "death is different").

■ Miranda attempts to distinguish *Frye,* and to bring this case within the scope of *Beeler,* by emphasizing that the allegedly misleading letter set out above was prepared by Miranda's appointed counsel for direct review. Miranda's argument is that: (1) the error in calculating the statutory deadline in this case was made by Miranda's appointed appellate counsel; (2) like the petitioner in *Beeler,* Miranda had a right to that counsel—and thus, to the "effective assistance" of that counsel; and (3) therefore, like the petitioner in *Beeler,* he should get equitable tolling.

The flaw in this logic is in step (2). Certainly, Miranda had a right to appointed appellate counsel *during the course of* his direct review—and thus, as he contends, to the "effective assistance" of that counsel. But as the attorney's letter makes clear, her representation of Miranda *in connection with* Miranda's direct review had ended when she wrote the letter. True, the attorney generously offered some final thoughts—which apparently included a miscalculated due date, or at least

---

**4.** In so holding, we joined a host of other circuits which have arrived at the same conclusion. *See, e.g., Smaldone v. Senkowski,* 273 F.3d 133, 138–39 (2d Cir.2001) (finding "attorney error inadequate to create the 'extraordinary' circumstances equitable tolling requires"); *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.2001) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."); *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000) ("[W]e cannot say that the lawyer's mistake in interpreting a

statutory provision constitutes that 'extraordinary circumstance' ... that would justify equitable tolling."); *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir.1999) (concluding that attorney's miscalculation of limitations period was not a valid basis for equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir.2000) ("[C]ounsel's confusion about the applicable statute of limitations does not warrant equitable tolling."); *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000) ("An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling.").

a typo—in a letter after the close of her representation. Those thoughts, however, pertained not to the direct review for which she was appointed, but to habeas relief, for which she was not. And Miranda had no right to that advice. *See Pennsylvania v. Finley*, 481 U.S. 551, 555–57, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (explaining that there is no constitutional right to counsel in state post-conviction proceedings); *Ross v. Moffitt*, 417 U.S. 600, 610–11, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974) (explaining that there is no constitutional right to counsel for discretionary appeals on direct review); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir.1993) (Order) ("Clearly, there is no constitutional right to counsel on [federal] habeas.").

Miranda essentially concedes the foregoing in his Reply Brief, but argues that he is entitled to equitable tolling nonetheless. "[I]t may be true that appointed appellant counsel has no duty to advise a client regarding the availability of state or federal habeas relief," Miranda admits. But, he argues, when that counsel undertakes to offer such advice, "it must be accurate." Our precedents foreclose this contention: because Miranda had no right to the assistance of his appointed appellate counsel regarding post-conviction relief, it follows that he did not have the right to that attorney's "effective" assistance, either. *See Miller v. Keeney*, 882 F.2d 1428, 1431–32 (9th Cir.1989) ("The ... right to the effective assistance of appellate counsel is derived entirely from the ... right to appellate counsel, and the former cannot exist where the latter is absent.").

### C

*Frye,* then, cannot be distinguished as Miranda attempts. It controls, and it makes clear that his attorney's "miscalcu-

lation of the limitations period ... and h[er] negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling." *Frye,* 273 F.3d at 1146.

### IV

Miranda filed his federal habeas petition fifty-three days late. He has not demonstrated that any "extraordinary circumstances beyond [his] control ma[d]e it impossible to file a petition on time." *Beeler,* 128 F.3d at 1288. Therefore, the district court properly dismissed Miranda's petition as untimely.

**AFFIRMED.**