**Jeffrey Dee GRAY, Plaintiff— Appellant,**

**v.**

**CALIFORNIA DEPARTMENT OF CORRECTIONS, Defendant— Appellee.**

**No. 02–15674.**

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2003.*

Decided July 21, 2003.

Before: SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Jeffrey Dee Gray appeals the district court's dismissal of his petition for habeas

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

relief as untimely. Gray contends that the court erred in failing to accept his claim of equitable tolling. We reject that contention and affirm.

## DISCUSSION

We review de novo a district court's dismissal of a federal habeas corpus petition based on the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations. *Malcom v. Payne,* 281 F.3d 951, 955–56 (9th Cir. 2002). Gray does not dispute that his petition was untimely filed; he claims that his late filing should be equitably tolled because his original trial attorney failed to deliver his case files and transcripts.

Equitable tolling is "unavailable in most cases" and permissible only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir.) (citations omitted), *cert. denied,* 537 U.S. 1003, 123 S.Ct. 496, 154 L.Ed.2d 399 (2002). We conclude that Gray fails to establish the existence of extraordinary circumstances or that he was incapable of filing a timely petition. Gray's petition is premised upon facts well known to him at the time of his original trial and plea. The district court properly found that Gray had alternate means of gathering the information and materials necessary to pursue habeas relief; Gray had the assistance of his wife and father-in-law and was, in fact, able to pursue his claims in both state and federal court.

Further, the trial court did not err in failing to conduct an evidentiary hearing. The judge accepted Gray's assertions re-

garding his inability to obtain his case files from his original trial attorney as true and nothing in Gray's appeal indicates that anything more would have been gleaned from a hearing.

AFFIRMED.