[No. D041480. Fourth Dist., Div. One. Sept. 30, 2003.]

LINDSEL ATEUR REDANTE, Plaintiff and Appellant, v.
ALAN YOCKELSON et al., Defendants and Respondents.

Counsel

Lindsel Ateur Redante, in pro. per., for Plaintiff and Appellant.

Carmela F. Simoncini for Defendants and Respondents.

Opinion

**HUFFMAN, Acting P. J.**—Plaintiff Lindsel Ateur Redante appeals a summary judgment in favor of defendants Alan Yockelson, Appellate Defenders, Inc., and its Executive Director Elaine Alexander (collectively Yockelson) on Redante's complaint for legal malpractice. Redante sued Yockelson, his appointed criminal defense attorney, for negligence in failing to timely file a habeas corpus petition and failing to raise all arguable issues on appeal. The court granted summary judgment because Redante could not maintain a cause of action for legal malpractice against Yockelson without first establishing his actual innocence in a postconviction judicial proceeding. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Redante of 11 counts of oral copulation with a minor (Pen. Code, § 288a, subd. (b)(1)),[1] two counts of inducing a person under the age of 17 to engage in nude modeling (§ 311.4, subd. (c)), two counts of sodomy (§ 289, subd. (a)) and one count of possessing photographs of a person under the age of 17 engaging in or simulating sexual conduct. (§ 311.2, subd. (d).) Redante testified in his own defense at trial, essentially admitting he committed all the sex acts but denying he was a predator and claiming the acts were consensual.

Yockelson, a panel attorney for Appellate Defenders, Inc., was appointed to represent Redante on appeal. Yockelson prepared and filed briefs in the direct appeal. Redante filed a supplemental brief, complaining the brief filed by Yockelson was inadequate. Specifically, he claimed his conviction was a "travesty of justice" because the acts forming the basis of his convictions were not considered illegal in some states and most of the civilized world. He further claimed the age of consent is 15 in most countries, 14 in others and 12 in Spain.

---

[1] Statutory references are to the Penal Code unless otherwise specified.

In an unpublished opinion, Division Two of this appellate district affirmed Redante's convictions. (*People v. Redante* (July 10, 1996, E015372).) A petition for review in the Supreme Court filed by Yockelson on behalf of Redante was denied. Redante told Yockelson he wanted to file a petition for writ of habeas corpus. Yockelson prepared the petition and forwarded a copy to Redante. The superior court denied the petition. Redante, in propria persona, unsuccessfully filed a habeas corpus petition in the Court of Appeal and a petition for review in the Supreme Court.

The United States District Court denied Redante's federal habeas corpus petition. He unsuccessfully appealed the denial of the writ to the Ninth Circuit Court of Appeals. The United States Supreme Court denied Redante's petition for writ of certiorari. (See *Redante v. Ramirez-Palmer* (2002) 537 U.S. 871 [154 L.Ed.2d 121, 123 S.Ct. 280].)

Redante filed a civil action for damages against Yockelson, alleging professional malpractice, incompetence and/or malicious misrepresentation. Yockelson successfully moved for summary judgment on the ground Redante could not show actual innocence as to the crimes charged, and thus could not state a cause of action for legal malpractice.

## DISCUSSION

### A

Summary judgment is proper only where there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) A defendant moving for summary judgment based on an affirmative defense has the overall burden of showing there is a complete defense to the plaintiff's action. (Code Civ. Proc., § 437c, subd. (o)(2); *Aguilar v. Atlantic Richfield Company* (2001) 25 Cal.4th 826, 849 [107 Cal.Rptr.2d 841, 24 P.3d 493].) In this regard, the defendant must first produce evidence to support a prima facie showing of the nonexistence of any triable issue of material fact as to the defense. (*Aguilar*, at p. 850.) Once the defendant has met this initial burden of production, the burden shifts to the plaintiff to show the existence of a triable issue of one or more material facts as to that defense. (*Ibid.*; Code Civ. Proc., § 437c, subd. (o)(2).) The plaintiff may not rely on the mere allegations or denials of the pleadings to show a triable issue of material fact exists. (Code Civ. Proc., § 437c, subd. (o)(2); *Aguilar v. Atlantic Richfield Company, supra,* 25 Cal.4th at p. 849; *Parsons v. Crown Disposal Co.* (1997) 15 Cal.4th 456, 464 & fn. 4 [63 Cal.Rptr.2d 291, 936 P.2d 70]; *Scheiding v. Dinwiddie Construction Co.* (1999) 69 Cal.App.4th 64, 69 [81 Cal.Rptr.2d 360].)

On appeal, we independently assess the correctness of the trial court's ruling, applying the same legal standard that governs the trial court.

(*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 404 [87 Cal.Rptr.2d 453, 981 P.2d 79]; *Buss v. Superior Court* (1997) 16 Cal.4th 35, 60, 65 [65 Cal.Rptr.2d 366, 939 P.2d 766].) We strictly construe the moving party's evidence and liberally construe the opposing party's evidence, resolving any doubts as to the propriety of granting the motion in favor of the opposing party. (*Silva v. Lucky Stores, Inc.* (1998) 65 Cal.App.4th 256, 261 [76 Cal.Rptr.2d 382]; *Barber v. Marina Sailing, Inc.* (1995) 36 Cal.App.4th 558, 562 [42 Cal.Rptr.2d 697].)

### B

"The failure to provide competent representation in a civil or criminal case may be the basis for civil liability under a theory of professional negligence." (*Coscia v. McKenna & Cuneo* (2001) 25 Cal.4th 1194, 1199 [108 Cal.Rptr.2d 471, 25 P.3d 670].) To prove a legal malpractice cause of action, the plaintiff must show: (1) a duty by the attorney to use such skill, prudence and diligence as members of his or her profession commonly possess and exercise; (2) breach of that duty; (3) a proximate causal connection between the breach and the resulting injury; and (4) actual loss or damage resulting from the attorney's negligence. (*Budd v. Nixen* (1971) 6 Cal.3d 195, 200 [98 Cal.Rptr. 849, 491 P.2d 433]; *Schultz v. Harney* (1994) 27 Cal.App.4th 1611, 1621 [33 Cal.Rptr.2d 276].)

Here, Redante's complaint for malpractice alleged Yockelson failed to include an argument on appeal and in the habeas corpus petition that Redante's trial counsel was ineffective for not presenting a defense that the law regarding age of consent was anachronistic and the minor victims consented to the sex acts. Redante further argued trial counsel was ineffective for failing to (1) show one of the victims was 14 years old at the time of the crime; (2) file a motion to suppress based on an improper search warrant; and (3) show the victims had been coerced into testifying against him.

 To succeed on a claim of legal malpractice, Redante had to show Yockelson was under a duty to make these arguments and the breach of that duty proximately resulted in damage to Redante. However, in noncapital appeals, appointed counsel has no obligation to investigate possible bases for collateral attack on a judgment and no duty to file or prosecute an extraordinary writ believed to be desirable or appropriate by the defendant. (*In re Clark* (1993) 5 Cal.4th 750, 783, fn. 20 [21 Cal.Rptr.2d 509, 855 P.2d 729]; *In re Golia* (1971) 16 Cal.App.3d 775, 786 [94 Cal.Rptr. 323].) Moreover, appellate counsel is not responsible for filing an actual frivolous appeal, nor is he required to contrive arguable issues. (*In re Smith* (1970) 3 Cal.3d 192, 198 [90 Cal.Rptr. 1, 474 P.2d 969].) The determination of whether appellate counsel was ineffective depends on whether counsel failed to raise an

"arguable" issue, that is, a "potentially successful contention." (*People v. Valenzuela* (1985) 175 Cal.App.3d 381, 390–391 [222 Cal.Rptr. 405], overruled on another ground in *People v. Flood* (1998) 18 Cal.4th 470, 490, fn. 12 [76 Cal.Rptr.2d 180, 957 P.2d 869].)

Yockelson had no duty to argue every issue Redante wanted to raise, but rather was entitled to assess which issues were potentially meritorious. Thus, Yockelson's professional judgment that Redante's proposed issues were not arguable cannot form the basis of a malpractice claim. Further, the superior court, in denying Redante's habeas corpus petition, expressly found trial counsel was not ineffective. This ruling was affirmed by the Court of Appeal and the Supreme Court. Having received an adjudication on the merits of his claim, Redante cannot show he was actually harmed by Yockelson's alleged ineffectiveness.

## C

■ Redante's claim for legal malpractice fails, as a matter of law, on two additional grounds. First, a criminal defendant has no constitutional right to counsel in habeas corpus proceedings, and consequently, no right to effective assistance of counsel. (*Miranda v. Castro* (9th Cir. 2002) 292 F.3d 1063, 1068; *Miller v. Keeney* (9th Cir. 1989) 882 F.2d 1428, 1432.) Because Redante was not entitled to effective assistance of counsel to preserve his right to federal habeas corpus review, Yockelson had no duty to provide any assistance, advice or drafting in connection with those postconviction collateral proceedings. Moreover, Redante has presented no evidence he entered into a contract with Yockelson to file a writ petition.

■ Second, Redante did not establish his actual innocence in a postconviction proceeding. When "a former criminal defendant sues his or her attorney for legal malpractice, the former client's actual innocence of the underlying criminal charges is a necessary element of the malpractice cause of action." (*Coscia v. McKenna & Cuneo, supra,* 25 Cal.4th at p. 1197, citing *Wiley v. County of San Diego* (1998) 19 Cal.4th 532, 535 [79 Cal.Rptr.2d 672, 966 P.2d 983]; accord, *Lynch v. Warwick* (2002) 95 Cal.App.4th 267, 270 [115 Cal.Rptr.2d 391].) In this context, "a former criminal defendant must obtain exoneration by postconviction relief as a prerequisite to obtaining relief for legal malpractice." (*Coscia v. McKenna & Cuneo, supra,* 25 Cal.4th at p. 1197.)

■ Here, Redante's pleadings in the superior court did not allege the element of actual innocence. (*Wiley v. County of San Diego, supra,* 19 Cal.4th at p. 534.) Indeed, Redante testified on his own behalf at trial, admitting he had sex with minors. Moreover, in his opening appellate brief, Redante

acknowledged he never claimed to be innocent of all charges.[2] " 'Only an innocent person wrongly convicted due to inadequate representation has suffered a compensable injury because in that situation the nexus between the malpractice and palpable harm is sufficient to warrant a civil action, however inadequate, to redress the loss.' " (*Coscia v. McKenna & Cuneo, supra,* 25 Cal.4th at p. 1200, citing *Wiley v. County of San Diego, supra,* 19 Cal.4th at p. 539.) Thus, without a "showing of actual innocence," the fact that Yockelson did not raise certain issues on appeal or did not advise Redante of the one-year time limit for filing a habeas corpus petition does not establish that Yockelson's alleged negligence resulted in any harm. (*Lynch v. Warwick, supra,* 95 Cal.App.4th at p. 273.) Because Redante did not obtain the necessary prerequisite of "exoneration by postconviction relief," he cannot allege actual innocence and is thus barred from pursuing his claim against Yockelson for professional negligence. (*Coscia v. McKenna & Cuneo, supra,* 25 Cal.4th at pp. 1197–1198, 1200–1201; *Wiley v. County of San Diego, supra,* 19 Cal.App.4th at pp. 534, 539.)

### D

Yockelson established facts that negate Redante's claim of professional negligence and justify a judgment in Yockelson's favor. In opposing summary judgment, Redante did not show the existence of a triable issue of material fact. Accordingly, the court properly granted summary judgment.

### DISPOSITION

The judgment is affirmed. The respondents are awarded costs on appeal.

Nares, J., and McIntyre, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 14, 2004.

---

[2] Although Redante claimed his conviction on some counts was improper based on discrepancies as to whether the victim had reached the age of 14 at the time of the act, this discrepancy does not exonerate him. Even if the victim were 14 years old, Redante's conviction would have been for a different crime.