**John Earl STARK, Petitioner–Appellant,**

v.

**Don HELLING, et al., Respondent–Appellee.**

No. 02–17001.

D.C. No. CV–00–00562–ECR.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 20, 2003.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lawrence D. Wishart, Reno, NV, for Petitioner–Appellant.

David K. Neidert, Deputy Atty. Gen., AGNV–Office of the Nevada Attorney General, Carson City, NV, for Respondent–Appellee.

Before KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

### MEMORANDUM**

Nevada state prisoner John Stark appeals the dismissal as untimely of his 28 U.S.C. § 2254 petition challenging his guilty-plea conviction for first degree murder. We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.

■ Stark contends that his trial counsel's failure to file a notice of appeal to the Nevada Supreme Court warranted equitable tolling. This argument is unavailing. Stark does not explain how the alleged failure to file a notice of appeal—which Stark was aware of before the limitations period began to run—impacted his ability to file a federal habeas petition, much less demonstrate that such failure constitutes extraordinary circumstances sufficient to warrant equitable tolling. *See Calderon v. U.S. Dist. Court for the Cent. Dist. of Cal. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir.1998) (en banc) (holding that equitable tolling is available only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time).

■ Stark next contends that his trial counsel's failure to obtain a file to assist in seeking habeas relief warrants equitable tolling. His reliance on *Beeler* on this point is misplaced. Because Stark had no right to the assistance of appointed counsel during post-conviction proceedings, he did not have the right to that attorney's effective assistance either. *See Miranda v. Castro*, 292 F.3d 1063, 1068 (9th Cir.2002) (distinguishing *Beeler* on the basis that in capital cases, an indigent petitioner has a statutory right to counsel on habeas review).

■ Stark further contends that equitable tolling is warranted because he was unable to obtain the file and transcripts from his trial counsel. This argument is equally unavailing. In fact, Stark filed a request for transcripts in the Nevada trial

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

court himself; his own lack of particularity in the request resulted in denial. His inability to obtain these materials was therefore not an extraordinary circumstance beyond his control. *See Beeler,* 128 F.3d at 1288; *cf. Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999) (stating that "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate"). Moreover, Stark does not explain how his lack of materials did not prevent the filing of the instant § 2254 petition, but constituted extraordinary circumstances that made it impossible to file the same petition during the limitations period.

**AFFIRMED.**