Fernando LANIOHAN, Petitioner—Appellant,

v.

Mike KNOWLES, Warden, Respondent—Appellee.

No. 03–17371.

D.C. No. CV–02–00533–FCD.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

Michael Bradley Bigelow, Law Offices of Michael B. Bigelow, Sacramento, CA, for Petitioner–Appellant.

Brian Means, AGCA—Office of the California Attorney General (Sac), Sacramento, CA, for Respondent–Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM **

Fernando Laniohan, a California state prisoner, appeals from the district court's dismissal of his 28 U.S.C. § 2254 petition challenging his conviction for murder. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Laniohan contends that he should be entitled to statutory and equitable tolling because he was unable to work on his appeal due to fear for his safety. As the district court noted, however, this contention is belied by the fact that he was able to file a timely state habeas petition, and by his failure to offer any specifics regarding the seven-year period that elapsed before the filing of his § 2254 petition. *See Miranda v. Castro,* 292 F.3d 1063, 1065 (9th Cir.2002) (stating that petitioner bears the burden of showing entitlement to equitable tolling).

Laniohan's argument that he should be entitled statutory tolling because "there is no evidence AEDPA materials were available to petitioner" fails because he has alleged insufficient facts to show that a state-created impediment prevented him from timely filing his petition. *See* 28 U.S.C. § 2244(d)(1)(B).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.