**John P. BUNYARD, Petitioner—Appellant,**

v.

**Mike KNOWLES, Respondent—Appellee.**

No. 04–16029.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Jan. 13, 2005.

Victor S. Haltom, Esq., Sacramento, CA, for Petitioner–Appellant.

Christopher William Grove, AGCA—Office of the California Attorney General (SF), San Francisco, CA, for Respondent–Appellee.

Before: GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

### MEMORANDUM **

John P. Bunyard appeals the district court's judgment dismissing as untimely his petition for habeas corpus, challenging his conviction for attempted lewd and lascivious conduct with a 14–year old child. We have jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's dismissal of the petition for writ of habeas corpus on statute of limitations grounds which involve an issue of law.

Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir.1999). We review findings of fact for clear error; however, when facts relating to the question of equitable tolling are undisputed, we review de novo. Id. We affirm.

Mr. Bunyard admits that he filed his petition for habeas corpus after the one-year time limitation mandated by the 28 U.S.C. § 2244(d)(1)(A), had already lapsed. He contends on appeal that the statute should not bar his petition because (1) he is actually innocent of the crime for which he was convicted, and (2) he is entitled to statutory and equitable tolling because he did not know about the time limit, he is uneducated and had no access to a lawyer until recently, and he feared accessing materials from the prison's library because of his status as a sex offender.

Mr. Bunyard has presented no new evidence that he is actually innocent of attempted lewd conduct. Therefore, his claim of actual innocence fails. *Gandarela v. Johnson,* 286 F.3d 1080, 1085 (9th Cir. 2001).

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States* 128 F.3d 1283, 1288 (9th Cir.1997), overruled in part on other grounds, *Calderon v. United States,* 163 F.3d 530, 540 (9th Cir.1998). Petitioner bears the burden of showing that equitable tolling is appropriate. *Miranda v. Castro,* 292 F.3d 1063, 1065 (9th Cir.2002). Mr. Bunyard has not made that showing in this case. He failed to identify any specific threats he faced that prevented him from

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

using the law library in the prison. Likewise, he is not entitled to relief because he did not have adequate help from counsel in filing his petition. *See Pennsylvania v. Finely,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (prisoners have no right to counsel when mounting a collateral attack on conviction).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.