**Joel Patrick KENNEY, Petitioner—Appellant,**

v.

**Terry L. STEWART, Director; et al., Respondents—Appellees.**

No. 04–17426.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 25, 2006.

Filed Aug. 8, 2006.

Lori L. Voepel, Esq., Jones Skelton & Hochuli, PLC, Michael D. Kimerer, Esq., Kimerer & Derrick, PC, Phoenix, AZ, for Petitioner–Appellant.

Jon G. Anderson, Esq., AGAZ–Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before: HUG, KLEINFELD, and PAEZ, Circuit Judges.

MEMORANDUM *

This appeal turns on whether a twenty-two day period in February 1997 counts against federal habeas petitioner Joel Patrick Kenney ("Kenney") for purposes of the one-year Antiterrorism and Effective Death Penalty Act ("AEDPA") limitations period. The federal district court held that Kenney's petition was untimely. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

In dismissing Kenney's petition as untimely, the district court found that 22 days ran against Kenney for the period February 3–25, 1997, along with 357 days between February 2001 and February 2002. A total of 379 days therefore ran against Kenney; he filed his federal habeas petition on February 7, 2002, which was 14 days too late.

1. *Statutory Tolling Under 28 U.S.C. § 2244(d)(2)*

■ We review *de novo* the dismissal of a habeas petition as untimely. *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir.2003).

Under AEDPA, there is a one-year limitations period for filing federal habeas petitions once the state convictions become final. In Kenney's case, the one-year statute began running when his judgment became final on February 3, 1997. *See* 28 U.S.C. § 2244(d)(1)(A). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." The limitations period "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case

'pending' during that interval." *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir.1999).

Kenney argues that the federal district court erred in finding that he did not have a properly filed state PCR application pending when the AEDPA limitations period began running. Kenney's argument is essentially that his PCR application should have been pending as of February 3, 1997, but for the state court's error in dismissing it on January 30, 1997.

There simply was no pending PCR application as of February 3, 1997. Indeed, Kenney recognized the effect of the January 30, 1997 dismissal order, filing a motion for reconsideration on February 20, 1997 and a new PCR application on February 25, 1997. Kenney did not seek state appellate review of the dismissal of his initial PCR application or of the denial of his motion to reconsider the dismissal. Kenney had no pending PCR application until February 25, 1997. Twenty-two days ran against the AEDPA limitations period in February 1997.

Kenney's claim that the state court's dismissal of his PCR application was erroneous is incognizable in a federal habeas action. *See Poland v. Stewart,* 169 F.3d 573, 584 (9th Cir.1999); *Gerlaugh v. Stewart,* 129 F.3d 1027, 1045 (9th Cir.1997); *Langford v. Day,* 110 F.3d 1380, 1389 (9th Cir.1996).

2. *Equitable Tolling*

■ We review *de novo* the district court's decision on equitable tolling of the AEDPA limitations period. *Malcom v. Payne,* 281 F.3d 951, 955–56 (9th Cir. 2002).

A habeas petitioner bears the burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Miranda v. Castro,* 292 F.3d 1063, 1065 (9th Cir.2002). Equitable tolling is available "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.* at 1066 (internal quotation omitted).

Even assuming that the state court's January 30, 1997 dismissal order was erroneous and presented "extraordinary circumstances" beyond Kenney's control, the ensuing twenty-two day period at the beginning of the AEDPA limitations period did not make it impossible to file a timely federal habeas petition, especially since Kenney was represented by counsel. As of February 25, 1997, when Kenney's new PCR application tolled the limitations period, he was still afforded 343 days within which to file. The circumstances in which we have found that equitable tolling applies are more compelling than in Kenney's case. *See, e.g., Corjasso v. Ayers,* 278 F.3d 874, 878 (9th Cir.2002).

**AFFIRMED.**