**Vladimir SOROKA, Petitioner— Appellant,**

v.

**Silvia GARCIA, Warden, Respondent— Appellee.**

**No. 06–56164.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 2008.

Filed Jan. 25, 2008.

Michael Tanaka, Esq., Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

Michael C. Keller, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: FARRIS and M. SMITH, Circuit Judges, and SANDOVAL *, District Judge.

MEMORANDUM **

Vladimir Soroka filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 sixteen months after AEDPA's one-year statute of limitations expired. The district court rejected Soroka's claim that he was entitled to equitable tolling and denied his petition as untimely. We affirm.

We review legal determinations regarding equitable tolling de novo. *See Shannon v. Newland,* 410 F.3d 1083, 1087 n. 3 (9th Cir.2005), *cert. denied,* 546 U.S. 1171, 126 S.Ct. 1333, 164 L.Ed.2d 49 (2006). Findings of fact made by the district court are reviewed for clear error. *See Buckley v. Terhune,* 441 F.3d 688, 694 (9th Cir. 2006).

The one-year statute of limitations for filing a habeas petition may be equitably tolled if " 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. Dist. Court for the Cent. Dist. of Cal. (Beeler),* 128 F.3d 1283, 1288 (9th Cir. 1997). A litigant seeking equitable tolling must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). "The threshold necessary to trigger equitable tolling ... is very high." *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir.2002) (quotation omitted).

---

* The Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We agree with the district court's holding that Soroka failed to satisfy his burden of showing that his counsel engaged in egregious misconduct that prevented him from filing a timely petition. Soroka's counsel was never hired to file a federal habeas petition. Soroka testified that the idea of filing a federal habeas claim did not enter his mind until well after the one-year statute of limitations had passed. Further, Soroka knew in January 2001 that his counsel would no longer be representing him, but did not request his file until the summer of 2001. Unlike in *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir.2003), Soroka's counsel promptly returned his case file after Soroka requested it in writing.

**AFFIRMED.**