**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL JOSEPH TRUJILLO, | No. 08-15045 |
| Petitioner - Appellant, | D.C. No. 05-cv-02251-JKS |
| v. | |
| DARRELL G. ADAMS, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, District Judge, Presiding

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

California state prisoner Manuel Joseph Trujillo appeals from the district

court's judgment dismissing his 28 U.S.C. § 2254 habeas petition as untimely.  We

have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JC/Research

Trujillo contends he is entitled to equitable tolling because his state appellate counsel's failure to exhaust a federal claim before the California Supreme Court, despite assurances she would do so, prevented the timely filing of his federal habeas petition and that circumstance was beyond his control. We agree with the district court that counsel's omission was more akin to ordinary negligence than an egregious omission. *See Miranda v. Castro*, 292 F.3d 1063, 1068 (9th Cir. 2002); *cf. Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003). Further, the record shows that Trujillo received, shortly before it was filed, a copy of the petition for review appellate counsel filed with the California Supreme Court. Thus, Trujillo's contention fails. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Trujillo also contends we should remand to the district court for an evidentiary hearing on the availability of equitable tolling. This contention lacks merit. *See Tapia v. Roe*, 189 F.3d 1052, 1056 (9th Cir. 1999).

We deny Trujillo's request to expand the certificate of appealability to include his claim that his first federal habeas petition was improperly dismissed as unexhausted. *See Hiivala v. Wood*, 195 F.3d 1098, 1103-05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**