FILED

**NOT FOR PUBLICATION**

OCT 07 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL REYES-CARREON, | No. 09-16416 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-00591-JCM |
| v. | |
| BRIAN WILLIAMS, Warden and ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Nevada state prisoner Miguel Reyes-Carreon appeals pro se from the district

court's order dismissing his 28 U.S.C § 2254 habeas petition as untimely.  We

have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Reyes-Carreon contends that the district court should not have dismissed his petition as untimely filed because he relied on incorrect advice from an "assistant" in his prison law library. This contention lacks merit. *See Miranda v. Castro*, 292 F.3d 1063, 1066-68 (9th Cir. 2002) (ruling that equitable tolling was not warranted where a section 2254 petitioner relied on incorrect advice of former counsel because petitioner had no right to assistance counsel regarding post-conviction relief).

Reyes-Carreon's other contention advanced, concerning his limited language abilities, lacks merit. *See Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006) ("[A] non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that . . . he was unable, *despite diligent efforts*, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source.") (emphasis added).

Reyes-Carreon's motion for appointment of counsel is denied.

We construe Reyes-Carreon's additional arguments as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *see also Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED**.

09-16416