FILED

NOT FOR PUBLICATION

AUG 17 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JERARDO RODRIGUEZ,

          Plaintiff - Appellant,

  v.

MAX WILLIAMS, Director of ODOC; et al.,

          Defendants - Appellees.

No. 10-35530

D.C. No. 3:08-cv-00290-ST

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted August 11, 2011[**]

Before:    THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

    Former Oregon state prisoner Jerardo Rodriguez appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging claims

related to the conditions of his prior confinement and subsequent parole

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo

the district court's decision to grant summary judgment.  *Toguchi v. Chung*, 391

F.3d 1051, 1056 (9th Cir. 2004).  We review for an abuse of discretion the district

court's decision to permit a party to amend its answer.  *Owens v. Kaiser Found.*

*Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).  We affirm.

The district court properly granted summary judgment as to Rodriguez's

claims regarding the conditions of his confinement because these claims were

barred by the applicable two-year statute of limitations, and Rodriguez failed to

establish circumstances warranting equitable tolling.  *See Alameda Books, Inc. v.*

*City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011) (§ 1983 limitations

period is the personal injury statute of limitations of the state where the claims

arose); *see also* Or. Rev. Stat. § 12.110(1) (personal injury claims subject to

two-year statute of limitations); *Dearmond v. Dep't of Revenue*, 14 Or. Tax 112,

117 (1997) (equitable tolling applies where claimant files defective pleading

during statutory period or is induced by adversaries into missing a filing deadline);

*cf. also Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) ("[E]quitable

tolling is unavailable in most cases and is appropriate only if *extraordinary*

circumstances beyond a prisoner's control make it impossible to file a [federal

habeas] petition on time." (citation and internal quotation marks omitted)).

The district court properly granted summary judgment as to Rodriguez's remaining claims against the Oregon Board of Parole and Post Prison Supervision because these defendants are shielded by Eleventh Amendment immunity, and did not waive this defense by failing to raise it initially in their summary judgment motion. *See Cal. Franchise Tax Bd. v. Jackson*, 184 F.3d 1046, 1048-49 (9th Cir. 1999) (Eleventh Amendment's jurisdictional bar to suing a state or its agencies in federal court can be raised at any time by a party or the court sua sponte).

The district court did not abuse its discretion in granting defendants leave to amend their answer to add a statute of limitations defense because defendants notified both Rodriguez and his former counsel of their intent to raise the defense early on, and Rodriguez was not prejudiced by the amendment. *See* Fed. R. Civ. P. 15(a)(2) (court should "freely give leave [to amend] when justice so requires"); *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984) (absent prejudice to plaintiff, defendant could raise the limitations defense first during summary judgment).

Rodriguez's remaining contentions are unpersuasive.

**AFFIRMED.**