**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT LINZY BELLON,

             Petitioner–Appellant,

  v.

DWIGHT NEVEN, Warden, *et al.*,

             Respondents–Appellees.

No.   17–17005

D.C. No.
2:12–cv–01639–GMN–GWF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted June 12, 2019[**]
San Francisco, California

Before:  GOULD and IKUTA, Circuit Judges, and PEARSON,[***] District Judge.

Petitioner Robert Linzy Bellon, a state prisoner, appeals the denial of his

motion for relief from judgment under Fed. R. Civ. P. 60(b).  He contends that our

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

decision in *Rudin v. Myles*, 781 F.3d 1043 (9th Cir. 2015), entitles him to habeas corpus relief because his attorney abandoned him.

"Motions for relief from judgment under Rule 60(b) are reviewed for abuse of discretion." *United States v. Asarco Inc.*, 430 F.3d 972, 978 (9th Cir. 2005). A district court abuses its discretion if it fails to apply the correct law or rests its decision upon a clearly erroneous finding of material fact. *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009). Questions of law underlying the district court's decision are reviewed *de novo*. *Jeff D. v. Kempthorne*, 365 F.3d 844, 850–51 (9th Cir. 2004).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year period of limitation within which a petitioner may seek federal habeas relief. 28 U.S.C. § 2244(d)(1). AEDPA is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner is entitled to equitable tolling if he can establish that (1) he was pursuing his rights diligently, but (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* Ordinary attorney negligence is not an extraordinary circumstance sufficient to justify equitable tolling. *Id.* at 651–52. On the other hand, circumstances in which an attorney's egregious misconduct constitutes attorney abandonment may entitle a petitioner to equitable tolling. *Rudin*, 781 F.3d at 1055.

Bellon argues that the district court erred by denying his Rule 60(b) motion

2

because our holding in *Rudin* effected an intervening change in law that entitled him to equitable tolling, which would have cured the untimely filing of his federal habeas petition. He claims that *Rudin* broadened the scope of attorney abandonment to include instances in which an attorney fails to inform a client of the client's need to protect her interest *pro se*.

*Rudin* never makes such a holding. We held that Rudin was entitled to equitable tolling because her attorney had abandoned her. *Rudin*, 781 F.3d at 1056. In so doing, we noted that Rudin's attorney "failed to inform Rudin of the reasons for his delay, providing her no clue of 'any need to protect [herself] pro se.'" *Id.* But this was only one of several factors we relied on in reaching our conclusion. We also observed that, over nearly two years of representation, Rudin's attorney never filed a state petition, or anything of substance, and did nothing more than attend status hearings and request continuances on Rudin's behalf. *Id.* at 1050–51. Several months into the period of representation, Rudin's attorney stopped visiting her in prison. *Id.* at 1056. He had a collect call block placed on his office phone. *Id.* at 1050. Taking all of these circumstances together, we concluded Rudin's attorney had "no intention to actually represent his client." *Id.* at 1056.

Bellon's attorney, however, did not abandon Bellon. Bellon's attorney filed Bellon's petition one day late. He was under the mistaken belief that the petition

3

was timely filed. Bellon's attorney maintained this position through correspondence to Bellon, from the time he filed the petition through the date of the state supreme court's finding that the petition was untimely filed. An attorney's mistaken legal position does not support a finding of attorney abandonment. *Compare Miranda v. Castro*, 292 F.3d 1063, 1066–68 (9th Cir. 2002) (attorney's erroneous advice regarding timeliness does not constitute extraordinary circumstance necessary for equitable tolling), *with Luna v. Kernan*, 784 F.3d 640, 645 (9th Cir. 2015) (equitable tolling proper when counsel repeatedly assured petitioner that his petition would soon be filed, then misled petitioner for years into thinking the petition had been filed).

Bellon attempts to distinguish the miscalculation of a filing deadline with the failure to research and know the law resulting in a miscalculation of a filing deadline. He points to no authority supporting this distinction.[1] Although the failure to research an issue of timeliness may factor into a court's finding of attorney abandonment, it is not sufficient to make that showing. *Cf. Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003) (equitable tolling arguably proper

---

[1] Bellon relies solely on *Holland v. Florida*. *Holland* notes that there is a difference between a "simple 'miscalculation that leads a lawyer to miss a filing deadline'" and "far more serious instances of attorney misconduct" that may justify equitable tolling. *Id.* at 651–52 (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). The attorney in *Holland*, aside from miscalculating the statute of limitations for federal habeas relief, cut off virtually all contact with petitioner over the span of several years, during which petitioner's AEDPA limitations period expired. *Id.* at 636–42. The attorney also never filed a federal habeas petition, despite petitioner's numerous requests. *Id.* at 642. No such misconduct occurred here.

4

when attorney "did no research on [the] case" and failed to communicate with his client).

In *Rudin*, we also held that Rudin was entitled to equitable tolling for the period of time between the state district court's erroneous excuse of the petitioner's untimely petition and the state court's subsequent reversal of that decision. *Rudin*, 781 F.3d at 1059. Given this holding, the district court correctly noted that Bellon could arguably have been entitled to equitable tolling from the date of state trial court's erroneous order excusing Bellon's untimeliness to the date of the later reversal. But by that date, Bellon's statute of limitations to file his federal habeas petition had long run. *See id.* at 1056 n.16 ("[E]xtraordinary circumstances cannot toll a statute of limitations that has already run.").

We affirm the district court's denial of Bellon's Rule 60(b) motion.[2]

**AFFIRMED**.

---

[2] Bellon's motion to supplement the record on appeal is denied.