**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL MASSI RAZAVI,

    Petitioner-Appellant,

 v.

LEE E. SEALE,

    Respondent-Appellee.

No. 19-15205

D.C. No.
2:18-cv-00030-WBS-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted November 13, 2019
San Francisco, California

Before:  BENNETT and LEE, Circuit Judges, and PIERSOL,[**] District Judge.

Michael Razavi appeals the dismissal of his 28 U.S.C. § 2254 habeas petition as untimely.  He contends that the district court erred in dismissing his petition because he is entitled to equitable tolling.  The state disagrees.  The state also argues that we lack jurisdiction to consider the petition because it

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

unconditionally released Razavi from custody after Razavi filed the petition. Assuming without deciding that we have jurisdiction, we find that Razavi fails to show that he is entitled to equitable tolling. Thus, we affirm.

Razavi's petition was filed 391 days after the expiration of the Antiterrorism and Effective Death Penalty Act's one-year limitations period. *See* 28 U.S.C. § 2244(d). But he asserts that equitable tolling applies because he suffered extraordinary circumstances and was diligent during the entire one-year limitations period.

Equitable tolling applies when the petitioner shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling "is appropriate only 'if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Court*, 163 F.3d 530 (9th Cir. 1998)).

Razavi's equitable tolling claim rests on these alleged extraordinary circumstances: (1) his only copy of his previously filed pro se habeas petition was destroyed during a prison raid, (2) the state court could not find a copy of that petition, (3) the attorney he hired to exhaust his claims in state court suffered

2

unexpected personal hardships, causing a delay in the filing of his state petition, which in turn delayed the filing of his federal petition, and (4) his medical conditions prevented him from filing his federal petition on time.

Razavi's equitable tolling claim fails because he has not sufficiently shown that these circumstances were extraordinary and prevented him from timely filing his federal petition. Nor has he shown that he pursued his rights with due diligence. Razavi does not provide details on when the alleged prison raid occurred, how long he was without his documents, or whether he could have obtained the documents from other sources. Without these details we cannot conclude that the destruction of a copy of his petition was an extraordinary circumstance for equitable tolling purposes.

And though Razavi claims he could not prepare his new state petition because the state court could not find its copy of his first petition, he was ultimately able to draft his new state petition without a copy of the first petition. The state court's inability to find his petition was not, by itself, an extraordinary circumstance that prevented him from timely filing his federal petition.

The personal hardships suffered by Razavi's attorney are unfortunate, but were not extraordinary circumstances that prevented Razavi from timely filing his federal petition. Indeed, there is no allegation that the attorney hid his personal hardships from Razavi or made Razavi believe that the state petition would be filed

3

with sufficient time remaining to file a federal petition. The record shows instead that Razavi did nothing even though he was presumably aware of his attorney's hardships and knew that such hardships were hindering his attorney's ability to timely file the state petition.

Finally, we find that Razavi's medical conditions were not extraordinary circumstances given that he could handle many other demanding personal matters including dealing with the illegal occupation of his house and finding housing, reinstating his healthcare and arranging his back surgery, reinstating his driver's license, finding a car and obtaining insurance, obtaining documents needed to finalize his divorce and related to his father's estate, and dealing with tax issues.

**AFFIRMED.**