**Waldo E. WALDRON–RAMSEY, Petitioner—Appellant,**

v.

**Leslie RYDER, Respondent—Appellee.**

No. 04–35128.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Decided Sept. 15, 2006.

David B. Zuckerman, Esq., Law Office of David B. Zuckerman, Seattle, WA, Petitioner–Appellant.

Paul Douglas Weisser, Esq., Office of the Washington Attorney General, Olympia, WA, Respondent–Appellee.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM\*\***

Washington state prisoner Waldo E. Waldron–Ramsey appeals from the district court's judgment denying his 28 U.S.C. § 2254 petition challenging his conviction by a jury for first degree murder. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we vacate and remand.

In the wake of intervening authority, the government argues that Waldron–Ramsey's § 2254 petition is untimely, and that the district court should not have addressed the merits of any claim. The government contends that the state post-conviction relief petition at issue did not toll the limitations period for the federal habeas petition, because the state post-conviction relief petition was determined to be untimely and was therefore not properly filed. *See* 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). We agree. *See Bonner v. Carey*, 425 F.3d 1145, 1146 (9th Cir.2005). Waldron–Ramsey is not entitled statutory tolling.

This does not end the inquiry, however. The district court did not have the benefit of *Lott v. Mueller*, 304 F.3d 918, 924–25 (9th Cir.2002), at the time that it made its ruling regarding equitable tolling, and consequently it did not fully address the question. Accordingly, we vacate the district court's judgment and remand for the district court to address equitable tolling in light of *Lott v. Mueller*, *See Bonner*, 425 F.3d at 1150.

**VACATED and REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.