**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLOYD EUGENE RAY, | No. 07-17305 |
| Petitioner - Appellant, | D.C. No. 1:06-cv-01898-DLB |
| v. | |
| JOHN MARSHALL, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding

Submitted April 5, 2010[**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

California state prisoner Floyd Eugene Ray appeals from the district court's

judgment dismissing his 28 U.S.C. § 2254 habeas petition as untimely. We have

jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ray contends he is entitled to statutory tolling for the time that elapsed between the denial of his habeas petition in the Fresno Superior Court and the filing of his habeas petition in the California Court of Appeal. This contention lacks merit. *See Evans v. Chavis*, 546 U.S. 189, 201 (2006); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam) (petitioner not entitled to statutory tolling for gaps of 101 and 115 days between state court habeas filings).

Ray also contends that he is entitled to equitable tolling because he lacked access to his legal files after a prison transfer. This contention fails because Ray failed to show diligence or that some extraordinary circumstances stood in his way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013-14 (9th Cir. 2009). To the extent that Ray contends he is entitled to an evidentiary hearing on the issue of equitable tolling, this contention lacks merit. *See Tapia v. Roe*, 189 F.3d 1052, 1058 (9th Cir. 1999).

Ray further contends he is entitled to the benefit of the prison mailbox rule because he delivered his federal habeas petition to prison officials but they delayed in mailing it to the district court. This contention fails because the statute of limitations had expired by the time he delivered his federal habeas petition to prison officials. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

**AFFIRMED.**