**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT A. HEBERT, | No. 10-15037 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-02358-GGH |
| v. | |
| JOHN MARSHALL, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Gregory G. Hollows, Magistrate Judge, Presiding[**]

Submitted February 15, 2011[***]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

California state prisoner Robert A. Hebert appeals from the district court's

judgment dismissing his 28 U.S.C. § 2254 habeas petition as untimely. We have

jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The parties consented in writing to proceed before a magistrate judge.

[***]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Hebert first contends that he is entitled to statutory tolling for the entire period that his state habeas petitions were pending, including the intervals between filings. The unexplained delays of 136 days and 194 days between Hebert's state court filings were unreasonable and did not toll the statute of limitations. *See Evans v. Chavis*, 546 U.S. 189, 198 (2006); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam) (petitioner not entitled to statutory tolling during unexplained delays of 115 and 101 days between state court petitions).

Herbert next contends that he is entitled to equitable tolling and statutory tolling, because documents necessary to his petition were allegedly withheld from him. Hebert does not point to any document that was withheld from him and that created an "impediment" to his ability to file a timely petition. *See* 28 U.S.C. § 2244(d)(1)(B); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013-14 (9th Cir. 2009) (petitioner not entitled to equitable tolling where he did not identify specific instances when he was deprived of a document necessary to his petition).

Finally, Hebert contends that the merits of his petition should be considered because he is actually innocent. This argument fails because Hebert's claims go to the legal sufficiency of the evidence, rather than his factual innocence. *See United States v. Ratigan*, 351 F.3d 957, 965 (9th Cir. 2003).

**AFFIRMED.**

10-15037