**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOMMY OWEN HARTZ,<br><br>              Petitioner - Appellant,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>              Respondent - Appellee. | No. 09-35610<br><br>D.C. Nos.    2:08-cv-00362-TSZ<br>                  2:02-cr-00157-TSZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Submitted March 7, 2011[**]
Seattle, Washington

Before: McKEOWN, FISHER, and GOULD, Circuit Judges.

Tommy Hartz appeals the district court's dismissal of his federal habeas

corpus petition as time-barred. 28 U.S.C. § 2255(f)(1). We review the denial of a

habeas petition de novo. *See Harris v. Carter*, 515 F.3d 1051, 1054 (9th Cir.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

2008). We have jurisdiction under 28 U.S.C. § 2253 and may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).

A § 2255 habeas petition is subject to a one-year statute of limitations, which runs from "the date on which the judgment of conviction becomes final." § 2255(f)(1). Hartz's conviction was affirmed by this court on August 17, 2006. *See United States v. Hartz*, 458 F.3d 1011 (9th Cir. 2006). Because Hartz did not file a petition for a writ of certiorari, his conviction became final ninety days later, on November 15, 2006. *See Clay v. United States*, 537 U.S. 522, 532 (2003). Accordingly, as the parties now agree, the one-year statute of limitations on Hartz's § 2255 petition expired on November 15, 2007.

Hartz filed his habeas petition in the district court on March 3, 2008. He argues that he is entitled to equitable tolling. *See Malcom v. Payne*, 281 F.3d 951, 962 (9th Cir. 2002) (courts may equitably toll the limitations period if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time). We recognize that the district court miscalculated the statute of limitations deadline as November 16, 2007. We also have considered Hartz's evidence indicating that he attempted to file a habeas petition on November 16 but that it was lost by prison officials. However, the record is devoid of any evidence

of an exceptional circumstance that prevented Hartz from meeting the November 15 deadline. Rather, the evidence suggests that Hartz simply missed the statute of limitations deadline by one day when he submitted his petition to prison officials on November 16. The prison's purported failure to mail his untimely November 16 petition does not provide a basis to equitably toll the November 15 deadline. *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'") (citing *Harris*, 515 F.3d at 1055).

**AFFIRMED.**