**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-35857 |
| Plaintiff - Appellee, | D.C. Nos. 4:09-cv-00033-SEH 4:07-cr-00031-SEH |
| v. | |
| CODY GORDON CARLSEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted June 6, 2011
Portland, Oregon

Before: FISHER, GOULD, and PAEZ, Circuit Judges.

Defendant-Appellant Cody Gordon Carlsen, a federal prisoner, appeals the

district court's denial of his motion for habeas relief under 28 U.S.C. § 2255.

Carlsen argues that he received ineffective assistance of counsel at sentencing, and

that his sentence must therefore be vacated. The district court denied Carlsen's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

motion on the ground that it was barred by the one-year statute of limitations contained in 28 U.S.C. § 2255(f)(1). In the alternative, the district court held that Carlsen's petition should be denied on the merits. We reverse the district court's denial of Carlsen's petition and remand for an evidentiary hearing on the issue of equitable tolling. We also conclude that the court erred in its alternative merits ruling.

## A.    Equitable Tolling

The judgment of conviction in Carlsen's federal prosecution was entered on November 15, 2007. Because Carlsen did not appeal his sentence, the judgment became final two weeks later, on November 29, 2007. *See* Fed. R. App. P. 4(b)(1)(A). Carlsen's filed his federal habeas petition roughly sixteen months later, on April 3, 2009.

The federal habeas statute contains a one-year statute of limitations. 28 U.S.C. § 2255(f)(1). A habeas petitioner, however, is entitled to equitable tolling of the statute of limitations if he can show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *accord Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). If a habeas petitioner makes "a good-faith allegation that would, if true,

entitle him to equitable tolling," then he is entitled to an evidentiary hearing on the issue of equitable tolling. *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir. 2003)) (internal quotation marks and emphasis omitted).

Carlsen has alleged facts that demonstrate his reasonable diligence in pursuing habeas relief. Specifically, Carlsen alleges that he made "repeated efforts" to contact his attorney "both by mail and phone" to resolve issues related to his § 2255 motion. The record also reflects that Carlsen filed a letter with the district court expressing concern with his sentence. Moreover, it appears that Carlsen filed his § 2255 motion within eighteen days of receiving necessary information from his attorney. These facts, if true, demonstrate Carlsen's diligence. *See Holland*, 130 S. Ct. at 2565 (concluding that a habeas petitioner diligently pursued his claim where he "wrote his attorney numerous letters seeking crucial information and providing direction [and] repeatedly contacted the state courts, their clerks, and the [state bar association]"); *Miles*, 187 F.3d at 1107 (holding that a petitioner exercised diligence where he submitted his petition seventeen days after he was made aware of the deadline and delay was caused by prison officials).

3

We also hold that Carlsen has alleged two theories, either of which, if true, constitute "extraordinary circumstances" and entitle him to equitable tolling.

### a.    *Inadequate Access to Legal Resources*

Carlsen alleges, and the government does not dispute, that he was in transit and without access to legal resources for the first six months of his federal sentence. "Deprivation of legal materials is the type of external impediment for which we have granted equitable tolling." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009) (citing *Lott v. Mueller*, 304 F.3d 918, 924–25) (9th Cir. 2002)); *see also Roy*, 465 F.3d at 973–75; *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam).

If Carlsen's allegation of inadequate access to legal resources is true, then the one-year statute of limitations was suspended until Carlsen had access to legal materials. *United States v. Ibarra*, 502 U.S. 1, 4 n.2 (1991) ("Principles of equitable tolling usually dictate that when a time bar has been suspended and then begins to run again upon a later event, the time remaining on the clock is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped."); *see also Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999) (applying this method to calculate the period of equitable tolling for a habeas

petition). In other words, the one-year statute of limitations began running anew on the date that Carlsen first had access to legal materials.

To calculate the period of equitable tolling in this case, we first note that Carlsen's sentence was imposed on November 15, 2007, and that Carlsen alleges that he was without legal materials for the first six months of his sentence. If Carlsen's allegation is true, then the one-year limitations period started to run on or around May 15, 2008, and Carlsen's petition would have been timely when it was filed on April 4, 2009. Thus, Carlsen is entitled to an evidentiary hearing on the question of whether and for how long he was without access to legal materials. If his allegation is true, his petition must be considered timely.

### b. *Attorney Misconduct*

Carlsen also alleges repeated and unsuccessful efforts to consult with his attorney regarding his habeas petition. Carlsen's allegations, if true, could entitle him to equitable tolling on the ground of egregious attorney misconduct. Although an attorney's mere negligence is not sufficient to earn equitable tolling, *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001), "instances of attorney misconduct" that are "far more serious" than negligence can entitle a petitioner to equitable tolling, *Holland*, 130 S. Ct. at 2564; *see also Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003).

5

Because Carlsen has alleged two distinct theories that, if true, would entitle him to equitable tolling, he must be afforded an evidentiary hearing on the issue of equitable tolling.

**B.    Merits**[1]

At the time of his federal prosecution, Carlsen had started to serve—but had not yet completed—a state sentence for reckless endangerment.  It is undisputed that because this state offense was considered relevant conduct that increased Carlsen's federal Guidelines range, Carlsen was entitled to the application of U.S. Sentencing Guidelines § 5G1.3(b) at sentencing.  Had § 5G1.3(b) been properly applied, the district court would have been instructed to: (1) credit the time Carlsen served in state custody; and (2) order that Carlsen's federal and state sentences be served concurrently.  Carlsen's attorney did not advocate at sentencing for the application of § 5G1.3(b).  Carlsen argues that this error amounted to ineffective assistance of counsel.

To succeed on an ineffective assistance of counsel claim, a defendant must demonstrate that: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;"

---

[1] For the benefit of the district court and the parties on remand, we address the district court's alternative merits holding.

6

and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The government concedes—as it must—that Carlsen's has satisfied the first prong of the *Strickland* analysis because his attorney's failure to advocate for the application of a relevant sentencing Guideline fell "outside the wide range of professionally competent assistance." *Id.* at 690.

Carlsen also satisfies the prejudice prong of the *Strickland* analysis because § 5G1.3(b) directs the sentencing court in determining the advisory Guidelines range to: (1) credit the defendant's federal sentence for the time served in state custody; and (2) impose a sentence to run concurrently with the defendant's state sentence. Had Carlsen's attorney made the district court aware of its obligations under § 5G1.3(b), there is a reasonable probability that Carlsen would have received a shorter sentence. We therefore conclude that the district court erred in its alternative holding that Carlsen's § 2255 motion should be denied on the merits.

## 3.      Instructions on Remand

On remand, the district court is directed to conduct an evidentiary hearing as soon as reasonably possible on whether Carlsen is entitled to equitable tolling on either of the two grounds advanced in his petition—(1) inadequate access to legal resources; or (2) egregious attorney misconduct—and on whether he acted with

7

reasonable diligence. If the district court determines that Carlsen is entitled to equitable tolling, it is instructed to grant Carlsen's petition and resentence Carlsen as soon as practicable. If in resentencing Carlsen the district court imposes the same sentence, relying on the sentencing factors in 28 U.S.C. § 3553(a), it shall explain its reasons for varying upward from the advisory sentencing Guidelines range. If the district court determines that Carlsen is not entitled to equitable tolling, it shall also state what sentence it would have imposed if it had granted Carlsen's § 2255 motion.

**VACATED AND REMANDED.**