

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAROLD STONEBARGER, | No. 10-17386 |
| Petitioner- Appellant, | D.C. No. 2:06-CV-01413-JCM-GWF |
| v. | |
| BRIAN WILLIAMS; et al., | MEMORANDUM* |
| Respondents- Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted October 24, 2011
San Francisco, California

Before: GRABER and IKUTA, Circuit Judges, and KAPLAN,** Senior District
Judge.

Harold Stonebarger appeals from a judgment of the District of Nevada

dismissing his petition for a writ of habeas corpus as untimely. He argues that the

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

** The Honorable Lewis A. Kaplan, Senior United States District Judge for
the Southern District of New York, sitting by designation.

district court erred because he (1) was entitled to equitable tolling sufficient to render his petition timely filed, (2) has demonstrated his "actual innocence" sufficiently to avoid the bar of the statute of limitations, and (3) was entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(B) and (D).

We have jurisdiction under 28 U.S.C. § 2253. We review de novo a district court's decision to dismiss a petition for writ of habeas corpus on statute of limitations grounds. *See Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999). Where findings of fact are undisputed, a determination on whether the statute of limitations for a federal habeas corpus petition should be equitably tolled is reviewed de novo as well. *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). If the facts are disputed, however, the review of the district court's findings is conducted for clear error. *Id.*; *see also Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010). This court may affirm on any ground supported by the record, even if our rationale differs from the rationale that the district court employed. *See Buckley v. Terhune*, 441 F.3d 688, 694 (9th Cir. 2006) (en banc).

Stonebarger is not entitled to equitable tolling from the period beginning on February 8, 2005, the date on which the Nevada Supreme Court finalized its affirmance of the denial of his first state habeas petition, and ending November 7, 2006, when Stonebarger's second state habeas petition was finally denied. The period

2

in question constituted some 630 days, during which Stonebarger alleges he was subject to outrageous and egregious conduct as a result of his lawyer's inadequate representation. Even if such conduct were shown, however, it would qualify a petitioner for equitable tolling only if the petitioner were to establish that it was the cause of the petitioner's failure to file a timely habeas petition. *See Randle v. Crawford*, 604 F.3d 1047, 1057-58 (9th Cir. 2010).

In this case, Stonebarger could have filed a timely federal habeas petition and asked that it be stayed while he exhausted the applicable state court remedies he sought concerning the alleged ineffective assistance of his lawyer. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). The record does not contain any indication why such a step could not have been taken, nor does it provide any indication that Stonebarger diligently tried to file his federal habeas petition during this time period. *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1014 (9th Cir. 2009). Stonebarger therefore has not shown that there were sufficiently "extraordinary circumstances" beyond his control that kept him from filing his federal habeas petition within the requisite time. *See Lott v. Mueller*, 304 F.3d 918, 924 (9th Cir. 2002).

In light of Stonebarger's inability to show that he is entitled to equitable tolling during this 630-day period, his petition was untimely and it is unnecessary to address his further contentions that the district court erred in finding that he is not entitled to

3

equitable tolling for two earlier periods of time. Any error in that regard, and we imply no view on that point, would be harmless.

No certificate of appealability was issued with respect to Stonebarger's arguments based upon alleged actual innocence and statutory tolling under 28 U.S.C. § 2244(d)(1)(B) and (D). Where a petitioner briefs uncertified issues, we construe that action as a motion to expand the certificate of appealability. *See* 9th Cir. R. 22-1(e). We apply the same standards as we would on an explicit motion for such an expansion. *See Doe v. Woodford*, 508 F.3d 563, 567 (9th Cir. 2007). A habeas petitioner therefore must make a "'*substantial showing* of the denial of a constitutional right'" in order to have an issue certified. *See Hivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999) (per curiam) (emphasis added) (quoting 28 U.S.C. § 2253(c)(2)). This requires a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

We decline to expand the certificate of appealability to include the question whether Stonebarger's habeas petition is timely given his claim of "actual innocence." No reasonable jurist could consider the facts Stonebarger has presented would constitute a credible showing that he is actually innocent. *See* 28 U.S.C. §

4

2244(d)(1)(D); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). This is particularly true in light of his confessions to the police, his guilty plea, and the lack of any facts of record that are inconsistent with his guilt.

We decline also to expand the certificate of appealability to include the question whether Stonebarger was entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(1)(B) and (D). No reasonable jurist could consider the facts that Stonebarger presents as sufficient to show that he is entitled to statutory tolling either on the basis that "State action" created an impediment to filing his federal habeas petition, or on the basis that he discovered a "factual predicate of the claim or claims presented" on August 5, 2010, the date certain limited DNA evidence was made available.

Accordingly, we affirm the judgment appealed from and deny the application to expand the certificate of appealability.

**AFFIRMED.**