**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **PETER J.  MUNOZ, Jr.,** | No. 11-17904 |
| Petitioner - Appellant, | D.C. No. 3:11-cv-00197-LRH-RAM |
| v. | |
| **GREGORY SMITH, Warden; NEVADA ATTORNEY GENERAL,** | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted April 15, 2013[**]
San Francisco, California

Before:    **KOZINSKI**, Chief Judge, **O'SCANNLAIN** and **N.R. SMITH**,
Circuit Judges.

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year

statute of limitations if he shows "(1) that he has been pursuing his rights

---

[*]     This disposition isn't appropriate for publication and isn't precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). The circumstances must be "beyond a prisoner's control" and "make it impossible to file a petition on time." Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th Cir. 2012).

**1.** Munoz claims that, because his state post-conviction counsel failed to notify him that the state proceeding was over, Munoz was unable to file his federal petition in time. But, as the district court pointed out, Munoz had "no constitutional right to counsel, and thus no right to effective assistance of counsel, in post-conviction proceedings." See Coleman v. Thompson, 501 U.S. 722, 756–57 (1991). In addition, Munoz admits he learned that the state proceedings were over on September 9, 2010, giving him at least two months to file his petition in federal court. It wasn't diligent for him to wait six months.

**2.** Munoz's lack of access to the prison library was not a "but-for . . . cause of his untimeliness." Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001). He could have, at the very least, prepared and filed "a basic form habeas petition" based on his state petition. See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1014 (9th Cir. 2009). In fact, he had two other actions in federal court at the time and was filing

documents with the court. So even if Munoz was unable to get all the books he wanted, he obviously was capable of filing documents.

Munoz's argument that he received bad advice from an employee at the prison law library is also insufficient to warrant equitable tolling. Bad advice and miscalculations are insufficient to justify tolling. Lawrence v. Florida, 549 U.S. 327, 336–37 (2007); Miranda v. Castro, 292 F.3d 1063, 1067–68 (9th Cir. 2002).

**3.** Finally, Munoz claims he was entitled to an evidentiary hearing in district court. A petitioner may be entitled to an evidentiary hearing if he makes "a good-faith allegation that would, if true, entitle him to equitable tolling." Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (internal quotation marks and emphasis omitted). Here, even if Munoz's allegations were true, he wouldn't be entitled to habeas relief because there was no extraordinary circumstance that prevented him from filing his habeas petition in time. Thus, the district court didn't abuse its discretion in denying Munoz's request for a hearing. See McLachlan v. Bell, 261 F.3d 908, 910 (9th Cir. 2001).

**AFFIRMED.**