**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THOMAS F. DICKERSHAID,

     Petitioner - Appellant,

v.

MATTHEW MARTEL,

     Respondent - Appellee.

No. 13-55180

D.C. No. 2:12-cv-02206-GAF-PLA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted April 8, 2016
Pasadena, California

Before: FARRIS, SENTELLE[**], and M. SMITH, Circuit Judges.

 Petitioner, Thomas Dickershaid, appeals the district court's dismissal of his

Petition for Writ of Habeas Corpus as untimely for failing to comply with the Anti-

Terrorism and Effective Death Penalty Act's one-year statute of limitations. We

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**] The Honorable David Bryan Sentelle, Senior Circuit Judge for the
U.S. Court of Appeals for the District of Columbia Circuit, sitting by designation.

have jurisdiction under 28 U.S.C. § 2253 and we review the denial of the petition as well as whether the AEDPA statute of limitations should be equitably tolled *de novo*. We reverse the district court's dismissal on the basis that Petitioner is entitled to equitable tolling of the AEDPA statute of limitations for the entire time he was deprived of one box of his legal materials, including his fully prepared federal habeas petition.

A prisoner seeking equitable tolling bears the burden of showing: (1) that an extraordinary circumstance prevented the timely filing of his habeas petition, and (2) that he diligently pursued his rights under AEDPA to seek federal habeas review. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The intentional confiscation of a prisoner's habeas corpus petition and related legal papers by a corrections officer is an "extraordinary circumstance" for which we grant equitable tolling. *See Lott v. Mueller,* 304 F.3d 918, 924–25 (9th Cir. 2002). The entire time a *pro se* habeas petitioner is deprived of his legal materials may be equitably tolled. *See Espinoza-Matthews v. California*, 432 F.3d 1021, 1028 (9th Cir. 2005). It is not disputed that prison officers confiscated Petitioner's habeas petition and other legal materials, in violation of prison policy, on September 27, 2011, and did not return those materials to him until February 29, 2012, when he immediately filed his habeas petition in federal court. The wrongful deprivation of Petitioner's legal

2

materials was an extraordinary circumstance that prevented him from filing a petition before the AEDPA limitations period expired on October 14, 2011.

The diligence required for equitable tolling is "reasonable diligence" and not "maximum feasible diligence." *Holland*, 560 U.S. at 653. Repeated correspondence with the court or with authority figures in a position to remove the impediment to filing a habeas petition is a strong signal of reasonable diligence. *See id.*; *Huizer v. Carey*, 273 F.3d 1220, 1224 (9th Cir. 2001). Petitioner filed nine grievances, repeatedly asked prison officials to find and return his legal materials, went to the storage area where confiscated property is housed on multiple occasions, and wrote to the court. He also wasted no time filing his federal habeas petition on the same day it was returned to him. Thus, Petitioner was reasonably diligent. *See Holland*, 560 U.S. at 653.

Furthermore, the district court's diligence analysis was based on improper reasoning. First, the district court inferred a lack of due diligence based on the incorrect conclusion that Petitioner contributed to the confiscation of his legal materials. Petitioner's materials were confiscated in contravention of a prison policy permitting one cubic foot of legal materials in excess of the six cubic feet of other allowable property. *See* 15 Cal. Code Regs. § 3161. Petitioner did not contribute to the confiscation of his habeas petition when he possessed it in

3

compliance with prison protocols. Reasonable diligence does not require a prisoner to take exceptional precautions to protect his legal files from arbitrary or improper confiscation. The district court also mistakenly gave weight to Petitioner's failure to present evidence that he attempted to save his federal habeas petition from being confiscated but was prevented from doing so. Imposing this evidentiary burden runs afoul of *Holland*'s holding that a prisoner is only required to show reasonable diligence, and runs against the grain of this Circuit's precedents requiring courts "to ensure that a prisoner's access to the courts is 'adequate, effective, and meaningful.'" *Lott v. Mueller*, 304 F.3d 918, 924 (9th Cir. 2002) (quoting *Rand v. Rowland*, 154 F.3d 952, 958 (9th Cir. 1998) (en banc)).

Second, the district court erred in faulting Petitioner for failing to file a petition earlier in the AEDPA limitations period. The diligence requirement mandates that a habeas petitioner act with reasonable diligence in filing his petition *after* an extraordinary circumstance prevents a timely filing. *See Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). A petitioner should not be penalized for taking the time allowed under AEDPA to aptly prepare and file a petition when an extraordinary event occurring late in the limitations period prevents a timely filing. *See id.* at 136. Petitioner's delay was not caused by neglect in preparing a petition or by ordinary constraints attendant to prison life, such as limited access to the law

library or the copier. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009). Rather, the extraordinary, arbitrary confiscation of his habeas petition caused the untimely filing. Petitioner's decision not to file earlier in the AEDPA limitations period is not relevant to the diligence inquiry.

Third, this Court has repeatedly recognized that a petitioner's access to his legal file is necessary to the preparation and filing of a habeas petition. *Espinoza-Matthews*, 432 F.3d at 1027–28 (quoting *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003)). It was therefore not proper to fault Petitioner for not filing a form petition when he did not have access to his completed habeas petition or related legal files. *Cf. Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1014 (9th Cir. 2009).

Petitioner is entitled to equitable tolling of the entire time he was deprived of his legal materials, from September 27, 2011, until February 12, 2012. When his AEDPA clock began running again on October 12, 2011, two days remained in his limitations period to timely file a federal habeas petition. Petitioner filed on the same day his legal files were returned to him, making his petition timely.

In an order dated February 3, 2016, we expanded the certificate of appealability to review whether the district court erroneously denied Petitioner's *pro se* motion to stay his 2009 federal habeas petition. Any alleged error in the

2009 habeas proceeding is not an order or ruling that produced the current judgment on appeal. *See Litchfield v. Spielberg*, 736 F.2d 1352, 1355 (9th Cir. 1984). We do not have jurisdiction under 28 U.S.C. § 1291 to decide this question.

**REVERSED AND REMANDED.**