**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TONY ONTIA BROWN, | No. 19-16508 |
| Petitioner-Appellant, | D.C. No. 2:17-cv-00387-GMN-CWH |
| v. | |
| WILLIAM GITTERE, AKA Renee Baker; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted January 14, 2021
San Francisco, California

Before: WALLACE and M. SMITH, Circuit Judges, and LASNIK,** District Judge.

We write primarily for the parties who are familiar with the facts. Appellant

Tony Brown appeals from the dismissal of his federal habeas petition as untimely.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Brown filed a *pro se* federal habeas petition under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Brown concedes that he filed his federal habeas petition 95 days after the expiration of AEDPA's one-year statute of limitations, but he argues that he is entitled to equitable tolling of the limitations period due to attorney misconduct.

Brown alleges that his attorney failed to notify him that his direct appeal had concluded until more than ten months after the fact. For this allegation, he relies upon a declaration of his direct appeal attorney, which stated in relevant part:

> On 12/04/14 I received a telephone call from Mr. Brown asking the status of his appeal. I was surprised because his appeal was denied on 01/24/14 and I thought he had received our paperwork regarding this matter. Because of the limited time period for the filing, I agreed to refile his previously filed Writ of Habeas in June and September 2013.

The district court held that Brown failed to meet the standard for equitable tolling because "his proffered evidence [did] not conclusively show that counsel failed to notify him of the status of his appeal," and even if counsel did fail in this notification, "the evidence before the court [fell] well short of establishing" that an extraordinary circumstance stood in his way and prevented timely filing.

Our court granted a certificate of appealability with respect to whether Brown's 28 U.S.C. § 2254 petition was timely filed.

We review *de novo* the question whether a petitioner's application for federal habeas relief was timely filed. *Rudin v. Myles*, 781 F.3d 1043, 1053 (9th Cir. 2014).

2

We also review *de novo* the question whether AEDPA's statute of limitations should be tolled. *Id.* We conclude that the district court properly dismissed Brown's petition as untimely because Brown was not entitled to equitable tolling.

Under AEDPA, a one-year statute of limitations exists for federal habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). Brown concedes that his petition was 95 days late, and he argues that equitable tolling should apply to render his petition timely. AEDPA's limitations period is subject to equitable tolling where a petitioner shows two elements: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner has the burden of proof, and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1065–66 (9th Cir. 2002) (alteration in original) (citation omitted). The district court did not address the diligence element of equitable tolling under AEDPA because the court concluded that Brown did not meet the element regarding extraordinary circumstances. We agree that Brown did not meet the element regarding extraordinary circumstances, and we further conclude that Brown failed to meet the diligence element.

First, with respect to extraordinary circumstances, Brown's evidence does not show that his attorney failed to notify him that his direct appeal was denied. Brown's

3

attorney reported in her declaration, "I thought [Brown] had received our paperwork regarding this matter." It is not at all clear that Brown's attorney was at fault for Brown not being timely notified about the conclusion of his direct appeal. Even if *arguendo*, Brown's attorney had been negligent in failing to notify Brown that his direct appeal was no longer pending, this is not "unprofessional conduct" that is "extraordinary." *Holland*, 560 U.S. at 651. The same day that Brown telephoned his attorney regarding his appeal, his attorney filed the state post-conviction petition. As a result of Brown's attorney's same-day action, Brown had 140 days of time remaining in the limitations period to file his petition.[1]

Although Brown attempts to analogize his case to *Gibbs v. LeGrand*, 767 F.3d 879 (9th Cir. 2014), there are key differences. Unlike Gibbs, Brown has not alleged that he made repeated attempts to contact his attorney, let alone that his questions or concerns went unanswered. *See Gibbs*, 767 F.3d at 887 (highlighting that Gibbs wrote to his attorney several times, and his attorney did not respond). Another way in which Brown's case is distinct from *Gibbs* is that Brown has not alleged that his attorney promised to inform him of the status of his direct appeal. *See id.* (Gibbs' attorney "expressly promised Gibbs that he would forward him the court's notice of

---

[1] The district court referred to there being 140 days of time remaining in the limitations period, whereas Brown's opposition to the motion to dismiss below and his brief to our court indicate that 141 days remained. The distinction does not matter for purposes of our analysis.

decision"). Additionally, assuming *arguendo* that Brown did not learn about the denial of his direct appeal until he called his attorney on December 4, 2014, Brown still had 140 days to submit a timely petition. In contrast, Gibbs did not learn about the denial of his state post-conviction petition until "the federal deadline had passed." *Id.* at 888. Brown's circumstances are not extraordinary.

Second, Brown also failed to demonstrate diligence. Our court has held that a petitioner did not meet the diligence element where,

> when given the opportunity to explain how he had used his time diligently after receiving his file from his attorney . . . [the petitioner] made no allegation or claim in his opposition to the motion to dismiss or his supporting declaration that he had acted diligently but had not been able to file earlier.

*Smith v. Davis*, 953 F.3d 582, 601 (9th Cir. 2020) (en banc). Brown has a similar problem. Brown did not file his own declaration, and his opposition to the motion to dismiss included the conclusory statement that he "could not have been more diligent." Brown supported this statement with only the following explanation regarding his actions *after* the alleged impediment to his filing was removed: "Although Brown used 236 days to file his federal petition, it is clear Brown believed he was filing his federal petition well in advance of the one-year statute of limitations time-period—after all, he filed his state post-conviction petition the same day he learned his direct appeal had concluded." Like the petitioner in *Smith*, Brown failed to support his claim that he acted diligently after the alleged impediment was

5

dispelled. Brown's mere belief that he was filing his petition in advance of the one-year limitations period does not demonstrate diligence. *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009) ("[A] pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling.") (citing *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006)).

Because Brown meets neither of the equitable tolling elements, Brown is not entitled to equitable tolling, and his petition was not timely filed.

**AFFIRMED.**