**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 7 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYMOND MICHAEL HENNINGS, | No. 22-55484 |
| Petitioner-Appellant, | D.C. No.<br>2:21-cv-04864-DSF-MAR |
| v. | |
| BRIAN CATES, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted December 5, 2023**
Pasadena, California

Before: BEA, M. SMITH, and VANDYKE, Circuit Judges.

California state prisoner Raymond Michael Hennings appeals the district

court's judgment dismissing his 28 U.S.C. § 2254 petition as untimely. We have

jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253. We review de novo the denial of

a § 2254 petition, *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009), and we affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. The district court granted a certificate of appealability pursuant to 28 U.S.C. § 2253 on the following issue: "whether [Hennings] could be entitled to equitable tolling based on facility restrictions due to the COVID-19 pandemic." To obtain equitable tolling of the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations, 22 U.S.C. § 2244(d)(1), a petitioner must show "(1) that he . . . pursu[ed] his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). "The prisoner must show that the extraordinary circumstances were the cause of his untimeliness." *Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2010).

Hennings contends that prison law-library restrictions, which were in effect from March 2020 to April 2021, prevented him from conducting necessary legal research to support his claims and to determine the deadline for filing his federal habeas petition, thereby causing him to file his federal habeas petition nearly a year after the deadline. We disagree.

Prior to the library limitations, Hennings had already developed four of his five habeas claims and presented them in habeas petitions in state court.[1] Hennings' federal habeas petition largely advances the same factual allegations that appeared

---

[1] Hennings' fifth claim of ineffective assistance of appellate counsel was based entirely on appellate counsel's alleged failure to present the other four claims on direct appeal.

2

in his state habeas petitions, which he filed before the COVID-19 pandemic. And like his state habeas petitions, his federal habeas petition does not include any case citations or legal analysis. Hennings therefore fails to show why his limited access to law-library materials during the COVID-19 pandemic made it impossible for him to file his federal habeas petition by July 24, 2020.[2] *See Ramirez*, 571 F.3d at 998 (holding equitable tolling did not apply because petitioner "offer[ed] no explanation of how or why his restricted library access made it impossible for him to file a timely § 2254 petition").

Hennings' related allegation that his requests for information on "[f]ederal habeas corpus timelines" were rebuffed by library staff does not save his argument. Notably, the district court found that Hennings "did not even inquire about the deadline for filing a federal habeas petition until January 10, 2021, months after the limitations period had already expired."[3] Moreover, Hennings alleged that, when he finally did receive information regarding the AEDPA statute of limitations, he mistakenly believed that his federal habeas petition was due "a year (365 days) from the date petitioner's writ of habeas corpus was denied by the California Supreme Court," which he acknowledges occurred in April 2020. And yet, Hennings filed

---

[2] The parties agree that Hennings is entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) for the 289 days that his three state petitions were pending in state court.

[3] Hennings does not challenge the district court's factual finding on appeal.

his federal habeas petition on May 25, 2021. In turn, Hennings' federal habeas petition was untimely even under his mistaken understanding of the applicable statute of limitations. Hennings' untimely filing, then, was caused not by his restricted access to the library, but by his own lack of diligence or his lack of awareness of the applicable AEDPA statute of limitations. Neither circumstance is sufficient to warrant equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[Petitioner's] inability correctly to calculate the limitations period is not an extraordinary circumstance warranting equitable tolling."); *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003) (holding that a petitioner failed to act diligently, and therefore was ineligible for equitable tolling, in part because he failed to file his federal habeas petition until seven months after the state court had denied his state habeas petition).

Even without definitive knowledge of the deadline for filing a federal habeas petition after the California Supreme Court denied his state habeas petition, "a diligent petitioner in that situation would have filed a basic form habeas petition as soon as possible." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009). Hennings' decision to wait more than a year to file, "in the hopes that any ambiguities would ultimately be resolved in his favor, is the kind of oversight, miscalculation or negligence for which equitable tolling is not appropriate." *Id.* (internal quotation marks omitted). Accordingly, Hennings is not entitled to

4

equitable tolling based on facility restrictions due to the COVID-19 pandemic.

2.      Hennings asks us to expand the certificate of appealability to consider whether the delay in him receiving complete copies of the case file discovery from his trial constitutes an extraordinary circumstance warranting equitable tolling.  To broaden the certificate of appealability, Hennings needs to show that "the issues [he is raising] are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further."  *Reno v. Davis*, 46 F.4th 821, 835 (9th Cir. 2022) (cleaned up). When, as here, the district court dismisses the habeas petition on procedural grounds, Hennings' burden includes "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  *See Valerio v. Crawford*, 306 F.3d 742, 767 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000)).  For the reasons articulated above, we conclude that Hennings did not pursue his rights diligently and therefore is not entitled to equitable tolling. Accordingly, this uncertified procedural issue clearly lacks merit and we decline to broaden the certificate of appealability to include it.[4]  *See Reno*, 46 F.4th at 835.

**AFFIRMED.**

---

[4] Hennings' request to take judicial notice of state-court records arising from his separate conviction for attempting to dissuade a witness (Dkt. No. 23) is granted. *See* Fed. R. Evid. 201(c)(2).  However, their contents are ultimately immaterial because they do not relate to the only certified issue in this appeal.